**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>LOUIS ALBERT D'ALESSANDRO AND<br>BETH MARIE D'ALESSANDRO<br><br>Debtors<br><br>STEVEN WEISS, CHAPTER 7 TRUSTEE<br><br>Plaintiff<br><br>v.<br><br>GB MORTGAGE, LLC, MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC., NATIONAL CITY<br>MORTGAGE, CO., GMAC MORTGAGE,<br>LLC, LOUIS ALBERT D'ALESSANDRO<br>AND BETH MARIE D'ALESSANDRO.<br><br>Defendants | Chapter 7<br>Case No. 11-41573-MSH<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 11-4089 |

**MEMORANDUM OF DECISION ON (1) MOTION OF TRUSTEE FOR FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECLARATORY DEFAULT JUDGMENT AGAINST GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GB MORTGAGE, LLC AND NATIONAL CITY MORTGAGE, CO. AND (2) CROSS-MOTION OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND GMAC MORTGAGE, LLC FOR JUDGMENT ON THE PLEADINGS**

Steven Weiss, the plaintiff in this adversary proceeding as the chapter 7 trustee of the

estates of the debtors, Louis and Beth D'Alessandro, seeks default judgments against defendants

GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"),

GB Mortgage, LLC ("GB") and National City Mortgage, Co. ("National City" and together with

1

GMAC, MERS and GB, the "mortgagee defendants"). The trustee filed a two-count complaint against the debtors and the mortgagee defendants seeking a determination of the validity, priority and extent of a first mortgage granted to MERS as nominee for GB on the debtors' residence located at 18 Parlee Road, Chelmsford, Massachusetts and a second mortgage granted to National City on the same property. The mortgages have either been assigned to or are being serviced by GMAC. Challenging the validity of each mortgage based on alleged defects, the trustee seeks to have them declared unenforceable and to preserve them for the estate. MERS and GMAC oppose the entry of default judgments against them and seek dismissal of the counts against them for failure to state claims.

## Facts

The facts relating to service of the complaint and the failure of the mortgagee defendants to respond are drawn from the docket and pleadings filed in this adversary proceeding. The other facts are drawn from the allegations in the complaint and are deemed undisputed for purposes of a motion for default judgment.

The debtors purchased the Parlee Road property in May 2001. On or about March 22, 2006, they executed a note in the principal amount of $280,000 in favor of GB (the "GB note"). The debtors' obligations under the GB note were secured by a first mortgage given to MERS as nominee of GB (the "MERS mortgage"). GB was dissolved in 2010. The trustee avers that the GB note and the MERS mortgage have either been assigned to GMAC or that GMAC is servicing the GB note. There is no assignment of the MERS mortgage recorded in the appropriate registry of deeds.

Also on March 22, 2006, the debtors executed a $60,000 note in favor of National City (the "National City note") and granted National City a second mortgage on the Parlee Road property (the "National City mortgage"). National City has been dissolved. The trustee avers that the National City note and National City mortgage have either been assigned to GMAC or GMAC is servicing the loan. There is no assignment of the National City mortgage recorded in the appropriate registry of deeds.

The notary's acknowledgement clause on the National City mortgage does not name the individuals who signed the National City mortgage although the clause appears immediately below the debtors' signatures on the mortgage instrument itself. The notary clause reads as follows:

> On this 22 day of March, 2000 [sic][1], before me, the undersigned notary public, personally appeared
> proved to me through satisfactory evidence of identification, which was/were drivers license, to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

On April 19, 2011, the D'Aessandros filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*). On July 12, 2011, the trustee commenced this adversary proceeding against the debtors and the mortgagee defendants. The next day the court issued summonses requiring the defendants to respond to the complaint by August 12, 2011, and mailed them to the trustee who also received notice of their issuance through the court's electronic filing system.

---

[1] The trustee has not argued that the incorrect date constitutes a material defect in the notary's acknowledgement.

On July 27, 2011, the trustee filed returns of service stating that on July 14, 2011 the summonses and complaint had been served on GMAC and MERS. GMAC was served by first class and certified mail at two different addresses but neither summons was directed to a named individual or to an officer or managing agent of the respective defendants. A second certificate of service filed by the trustee indicates that on July 14, 2011, copies of the summons and complaint were served on MERS in care of CT Corporation System. Neither GMAC nor MERS responded to the complaint and on September 1, 2011, the trustee requested that defaults enter against them. On September 19, 2011, a notice of default entered as to each of GMAC and MERS.

The trustee attempted service of the summons and complaint on GB through National Registered Agents, Inc. but on July 18, 2011, National Registered Agents, Inc. sent the trustee a letter, a copy of which was also filed with the court, rejecting service citing revocation of its authority to receive service on behalf of GB. It returned the summons and complaint to the trustee.

The trustee's efforts to serve National City through CT Corporation were similarly frustrated. On July 28, 2011, CT Corporation returned to the trustee the summons and complaint sent to it as agent for National City, noting its status as registered agent was revoked when National City ceased doing business in Massachusetts on February 28, 2007. On September 27, 2011, the trustee, without requesting a new summons and response date, served a copy of the original summons with its response date of August 12, 2011, together with the complaint, by first class and certified mail to "GB Mortgage LLC- The Commonwealth of Massachusetts, One Ashburton Place, Boston, MA 02108-1512." Also on September 27, 2011, a copy of the same summons with the August 12, 2011 response date, together with a copy of the complaint, was served on GB at its Wisconsin address but as with the summonses for the other mortgagee

4

defendants, the GB summons was not directed to a named individual or to an officer or managing agent.

On September 27, 2011, the trustee also served a copy of the complaint and the original summons with the August 12, 2011 response date directed simply to "The Commonwealth of Massachusetts" at the Ashburton Place address. On his electronically filed certificate of service, the trustee noted that service was intended for National City but there is nothing on the face of the summons itself that indicates it was directed to the Commonwealth on behalf of National City. On the same date the trustee also sent a copy of the original summons and complaint to National City at an Ohio address. As with the other summons, this one was not sent to a named individual, an officer or a managing agent. On December 2, 2011, the trustee requested that defaults enter against GB and National City for failure to respond to the complaint. The clerk entered defaults as to these defendants on December 13, 2011.

On December 27, 2011, the trustee filed motions for default judgment against each of the mortgagee defendants. In his affidavit in support of the motions the trustee stated that he served a summons and complaint on each of the mortgagee defendants in accordance with Fed. R. Bankr. P. 7004. The motions were set for hearing and the trustee served the hearing notices on the mortgagee defendants at the same addresses as he had previously used except that service on GB notes that it was directed to "GB Mortgage LLC, f/k/a/ GN Mortgage, LLC" and that National City was served at two additional addresses, one of which is the same address as that used for GB, and the second for yet another Ohio address. At the hearing I allowed the motion for a default judgment against MERS but ordered the trustee to re-serve the motions for default judgments against the remaining mortgagee defendants in accordance with Fed. R. Civ. P. 55(b)(2), made applicable by Fed. R.

5

Bankr. P. 7055, even though none of the remaining mortgagee defendants had appeared in the adversary proceeding.

On March 6, 2012, the trustee filed a certification indicating that on February 17, 2012, he served the motions for default judgment along with a letter explaining that GB and National City had been dissolved on William Galvin, the Massachusetts Secretary of State, apparently as agent for GB and National City.[2] The trustee also certified that he re-served GMAC and MERS with the motion for default judgments. The mortgagee defendants and Mr. Galvin were each served with a copy of the trustee's certification. On March 8, 2012, I allowed the motions for default judgments against GMAC, GB and National City.

On March 28, 2012, GMAC and MERS filed motions to vacate the defaults entered against them. The trustee objected. On May 9, 2012, GMAC and MERS withdrew their motions. On June 26, 2012, they filed motions to vacate the defaults and the default judgments. Again the trustee objected. On August 16, 2012, after a hearing,[3] I vacated the default judgments but not the defaults.

On June 26, 2012, the trustee filed a motion in the main bankruptcy case seeking authority to compromise any claim the debtors might assert to any equity in the Parlee Road property that would be created as a result of any judgments he obtained voiding any of the mortgages on the property.[4] Pursuant to the settlement the debtors gave the trustee a $215,000 note secured by a

---

[2] Authority to effect service on the Secretary of State is authorized by MASS. GEN. LAWS ch. 156D, § 15.10 and § 15.20.

[3] At the hearing counsel for GMAC and MERS acknowledged that they had been properly served.

[4] Default judgments had originally entered in this adversary proceeding against the debtors, neither of whom has participated in this adversary proceeding. I subsequently vacated those default judgments as the complaint does not request any relief against them.

purported first mortgage on the property. GMAC and MERS were served with the motion to compromise. Neither filed any response and the motion was approved without objection on July 30, 2012.

On September 26, 2012, the trustee filed a motion for entry of proposed findings of fact, conclusions of law and declaratory default judgments against all of the mortgagee defendants. GMAC and MERS filed a joint opposition and a joint cross motion for judgment on the pleadings which the trustee opposes.

## Positions of the Parties

GMAC and MERS seek judgment on the pleadings[5] arguing that the issuance of a default against them accomplishes nothing since the trustee is not entitled to judgment on either count of the complaint as a matter of law. They maintain that a default judgment cannot enter when a plaintiff is not entitled to the relief he seeks even if a defendants chooses to ignore the proceeding.

The trustee responds that it is unfair to deny him a default judgment at this point when GMAC and MERS sat on their rights, not just in this adversary proceeding but in the main case when they failed to object to the trustee's motion to approve the settlement with the debtors.

## Discussion

Obtaining a judgment by default is a two-step process. Establishing a default is the first step. Pursuant to Fed. R. Civ. P. 55(a), made applicable by Fed. R. Bankr. P. 7055, "[w]hen a party against whom relief is sought has failed to plead or otherwise defend, and that failure is shown by

---

[5] Although denominated as a motion for judgment on the pleadings, the mortgagee defendants have not filed answers and thus the pleadings are not closed. Therefore, the motion is really a motion to dismiss. Because the standards for deciding both are essentially the same, the inaccurate nomenclature is immaterial. *Metromedia Steakhouses Co., L.P. v. Resco Management, Inc.*, 168 B.R. 483, 485 (D.N.H. 1994).

affidavit or otherwise, the clerk must enter the party's default." Entry of a default establishes the truth of the factual allegations in the complaint. *Brockton Savings Bank v. Peat,, Marwick, Mitchell & Co.*, 771 f.2d 5, 13 (1st Cir. 1985). It does not, however, establish the legal sufficiency of the claims. *Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir. 1992).

Following entry of a default, the party seeking judgment must file a motion for a default judgment. Default judgment may be entered by the clerk in limited circumstances set forth in Rule 55(b)(1) or by the court in all other instances. Fed. R. Civ. P. 55(b)(2).[6] The entry of a default does not compel the granting of a default judgment. Instead, the party seeking the default judgment must have a legally valid claim to the relief sought in the action. "A court may grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant." 10 James Wm. Moore, *Moore's Federal Practice* § 55.32[1][b] (3d ed.2011). "[A] district court may, after entry of default, still conclude that a complaint fails to state a claim." *Feliciano–Hernández v. Pereira–Castillo,* 663 F.3d 527, 537 n. 5 (1st Cir. 2011) (citing *Ramos–Falcón v. Autoridad de Energía Eléctrica,* 301 F.3d 1, 2 (1st Cir. 2002)).

---

[6] Fed. R. Civ. P. 55(b) provides in relevant part:

Entering a Default Judgment.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment….

*Count I*

In count I of the complaint the trustee seeks judgments, pursuant to Bankruptcy Code § 506(d) and § 544, declaring the MERS mortgage void because MERS does not hold the GB note secured by the MERS mortgage, GB no longer holds the GB note and GMAC does not hold an assignment of the GB note and MERS mortgage.[7] The allegations that MERS, GB and GMAC do not hold the note are made upon information and belief.

The trustee's prayer to avoid the MERS mortgage is based on his conclusion that since neither GB, MERS nor GMAC holds the GB note secured by the MERS mortgage, the mortgage is void. There is no legal basis to support the trustee's conclusion. First, unless it was paid in full, and there is no allegation of that, the obligation arising under the GB note still exists. Moreover, there is no allegation in the complaint that MERS held the MERS mortgage only as the nominee of GB so that if GB ceased to exist MERS was precluded from acting on behalf of GB's successor or assigns.[8] The law in Massachusetts is settled that, other than in the foreclosure context, "the holder of the note and mortgage may be different persons." *In re Marron*, 455 B.R. 1, 7 (Bankr. D. Mass. 2011). The Massachusetts Supreme Judicial Court recently reaffirmed this principle by departing from it with respect to foreclosures only. *Eaton v. Federal Nat. Mortg. Ass'n,* 462 Mass. 569, 587-88, 969 N.E.2d 1118 (2012). *See also Marron*, 455 B.R. at 7. Thus, unless and until it is taking action to foreclose its mortgage, MERS is not required to be the holder of the GB note and even upon foreclosure it need not hold the note unless it was acting on its own behalf rather than as the

---

[7] I note that the assertion that GMAC does not hold the GB note and the MERS mortgage is inconsistent with the allegation that GMAC may have been assigned the GB note and MERS mortgage. *Compare* complaint at ¶¶ 18 and 30.

[8] The MERS mortgage is not attached to the complaint.

9

agent of the noteholder. *Eaton*, 462 Mass. at 586, 969 N.Ed.2d 1118, 1131 ("Contrary to the conclusion of the motion judge, however, we do not conclude that a foreclosing mortgagee must have physical possession of the mortgage note in order to effect a valid foreclosure. There is no applicable statutory language suggesting that the Legislature intended to proscribe application of general agency principles in the context of mortgage foreclosure sales. Accordingly, we interpret G.L. c. 244, §§ 11– 17C (and particularly § 14), and G.L. c. 183, § 21, to permit one who, although not the note holder himself, acts as the authorized agent of the note holder, to stand "in the shoes" of the "mortgagee" as the term is used in these provisions.") (footnotes deleted).

Finally, there is no allegation that either the GB note or the MERS mortgage was improperly assigned,[9] only that there is no recorded mortgage assignment. But except in the foreclosure context an assignment of a mortgage does not need to be recorded for it to be effective, although recordation is clearly the wise choice. *U.S. Bank Nat. Ass'n v. Ibanez,* 458 Mass. 637, 651, 941 N.E.2d 40, 53 (2011). Consequently, count I of the complaint fails to state a claim for relief and thus the trustee's request for entry of a default judgment as to this count should be denied while GMAC and MERS's request for judgment should be granted.

*Count II*

In count II the trustee, exercising his power as a bona fide purchaser for value under § 544 of the Bankruptcy Code, alleges that the National City mortgage is void because the notary's

---

[9] Indeed there is no allegation that the MERS mortgage when given was invalid, thus calling into question the trustee's standing to challenge any assignment. *Nickless v. Bayview Loan Servicing, LLC (In re Richard)*, 460 B.R. 355, 358 (Bankr. D. Mass. 2011). *See Culhane v. Aurora Loan Services of Nebraska*, --F.3d--, 2013 WL 563374 (1st Cir. Feb. 15, 2013) (predicting that the Massachusetts Supreme Judicial Court would permit a mortgagor to challenge assignment of mortgage based on facts of case, namely that assignor never had a valid mortgage to assign so assignee held nothing).

certification has a blank space where the debtors' names should have appeared.[10]

Whether a mortgage is valid if the notary's acknowledgment does not identify the mortgagors by name is a question that has generated a significant body of federal and state case law. In *Agin v. Mortgage Electronic Registration Systems, Inc. (In re Giroux)*, 08-14708, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009), *aff'd* 09-10988-PBS, 2009 WL 3834002 (D. Mass. Nov. 17, 2009), Judge Feeney of this court presented a comprehensive survey of these cases and a thorough analysis of the issues, both pro and con. She concluded that a notary's acknowledgement that fails to include the names of the mortgagors does not satisfy the requirements of Massachusetts law, even when the notary's acknowledgement appears on the same page as the mortgagors' signatures on the underlying instrument. She concluded that a bankruptcy trustee may exercise his strong arm powers to avoid such mortgage. S*ee also Agin v. Mortgage Electronic Registration Systems, Inc. (In re Bower)*, 462 B.R. 347 (Bankr. D. Mass. 2012). There is unquestionably a legal basis for the trustee's count II claim, and thus I find that entry of a default judgment in favor of the trustee on count II of his complaint is appropriate.

---

[10] The trustee addresses count II of the complaint only to National City against which he currently holds a default judgment that has not been vacated. GMAC and MERS's cross motion argues that the National City mortgage is valid and given that GMAC may be the servicer or holder of the note and mortgage, I find it has standing to assert the cross motion with respect to count II.

**Conclusion**

For the reasons set forth herein, the trustee's motion for entry of a default judgment on count I of the complaint will be denied and on count II granted. The cross motion of GMAC and MERS for judgment on the pleadings will be granted as to count I of the complaint and denied as to count II. Separate orders will enter.

By the Court

*[signature]*

Dated: April 4, 2013

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel appearing:

Steven Weiss, Esq.
Shatz, Schwartz & Fentin, P.C.
Springfield, MA
For plaintiff Steven Weiss

Richard E. Briansky, Esq.
Prince, Lobel, Glovsky & Tye LLP Boston, MA
For the defendants GMAC Mortgage, LLC and
Mortgage Electronic Registration Systems, Inc.